Ex parte DILLON.

(District Court, N. D. California, First Division. January 27, 1920.)

No. 16763.

1. CONSTITUTIONAL LAW ⬤⇒22—AMENDMENT TO FEDERAL CONSTITUTION TAKES EFFECT ON RATIFICATION BY REQUISITE NUMBER OF STATES.

An amendment to the Constitution of the United States takes effect and becomes a part of the Constitution on its ratification by the requisite number of states, and not from the date of its promulgation by the Secretary of State, under Rev. St. § 205 (Comp. St. § 303).

2. CONSTITUTIONAL LAW ⬤⇒10—RATIFICATION OF AMENDMENT TO BE BY MODE PRESCRIBED BY CONSTITUTION.

The provision of article 5 of the federal Constitution that, when that method is proposed by Congress, ratification of a proposed amendment shall be by the Legislatures of the several states, in case of such proposal, excludes all other modes of ratification, and a state is without power to prescribe a different method, as by popular vote.

3. CONSTITUTIONAL LAW ⬤⇒10—EIGHTEENTH AMENDMENT HELD VALID.

The Eighteenth Amendment to the Constitution *held* constitutionally adopted and valid.

Petition of J. J. Dillon for writ of habeas corpus. Denied.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

. Theodore A. Bell, of San Francisco, Cal., for petitioner.

Annette Abbott Adams, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

RUDKIN, District Judge. Article 5 of the Constitution of the United States provides as follows:

"The Congress, whenever two-thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the Legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the Legislatures of three-fourths of the several states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the Congress: Provided that no amendment which may be made prior to the year one thousand eight hundred and eight shall in any manner affect the first and fourth clauses in the ninth section of the first article, and that no state, without its consent, shall be deprived of its equal suffrage in the Senate."

Section 205 of the Revised Statutes (Comp. St. § 303) provides:

"Whenever official notice is received at the Department of State that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution, the Secretary of State shall forthwith cause the amendment to be published in the newspapers authorized to promulgate the laws, with his certificate, specifying the states by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States."

On the 19th day of December, 1917, Congress proposed the Eighteenth Amendment to the Constitution of the United States. Section 1 of the amendment prohibits the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from, the United States and all territory subject to the jurisdiction thereof, for beverage purposes, after one year from date of ratification. Section 3 provides that the article shall be inoperative unless ratified as an amendment to the Constitution by the Legislatures of the several states as provided in the Constitution within seven years from the date of the submission to the states by Congress. On the 29th day of January, 1919, the Department of State promulgated the amendment as required by section 205 of the Revised Statutes, certifying the names of the states by which the same had been ratified, 36 in number. Among the states thus certified were Washington and Ohio. The last section of the National Prohibition Act of October 28, 1919, c. 85, provides that certain provisions of the act shall take effect and be in force from and after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect.

The petitioner is now in custody charged with a violation of one of those provisions of the last-mentioned act, which did not take effect, as already stated, until the same date as the Eighteenth Amendment. The crime is alleged to have been committed on the 17th day of January of the present year. The petitioner claims that his restraint is illegal, first, because the Eighteenth Amendment, and consequently the provision of the National Prohibition Act, were not in force or effect on that date; and, second, because the Eighteenth Amendment itself

is null and void. The claim that the Eighteenth Amendment and the act of Congress were not in force and effect on the 17th day of January of this year is based on two grounds: First, because, as already stated, the Department of State did not promulgate the amendment until the 29th of January, 1918, or less than one year ago; and, second, because the states of Ohio and Washington had not in fact ratified the amendment as certified by the Department of State.

[1] The claim that the amendment was not ratified until the Department of State caused the publication and made the certificate prescribed by section 205 of the Revised Statutes is not in my opinion well founded. What was meant by publishing the amendment in the newspapers authorized to promulgate the laws can only be ascertained by referring back to the preceding section. The preceding section provides that the Secretary of State shall cause every law, order, resolution, and vote to be published in at least three of the public newspapers printed within the United States, and shall also cause one printed copy to be delivered to each Senator and Representative of the United States, and two printed copies, duly authenticated, to be sent to the executive authority of each state. The promulgation of a constitutional amendment under section 205 is no more essential to its validity than is the promulgation of an act of Congress under the preceding section, and the former is no more the beginning of the amendment than the latter is the beginning of the law; for, notwithstanding the requirement for promulgation, it is universally recognized that an act of Congress takes effect and is in force from the date of its passage and approval, and a constitutional amendment is likewise in full force and effect from and after its ratification by the requisite number of states. In other words, the promulgation by the Department of State only affords prima facie evidence of ratification, and the promulgation, when made, relates back to the last necessary vote by a state Legislature. Congress might perhaps provide that the Department of State should ascertain and determine the fact of ratification, and that an amendment should not take effect until due promulgation of that determination by proclamation or otherwise; but Congress has not so provided.

[2] The second objection urged would seem easy of solution, were it not for the conflicting decisions in the state courts. Thus, in State v. Howell (Wash.) 181 Pac. 920, it was held that the resolution ratifying the Eighteenth Amendment was subject to the referendum provisions of the Constitution of the state, and that the resolution, therefore, did not become final until after the expiration of the time allowed for filing a referendum petition, and, in case such a petition was filed, not until the final vote of the people thereon. No sufficient petition was filed, however, and no further action was taken. In the state of Ohio a similar ruling was made in Hawke v. Smith, 126 N. E. 400, decided September 30, 1919; but in that state a referendum petition was filed, and the resolution ratifying the amendment was voted down by the people at the next general election. In so far as these decisions construe the Constitution of the respective states, they are, of course, binding upon this court; but in so far as they construe the Fifth Amend-

ment to the Constitution of the United States a federal question is involved, and the decisions are not controlling here. I regret my inability to follow the decisions of the highest court in those states, for in my opinion the correct rule is announced by the Supreme Judicial Court of Maine, in Re Opinion of the Justices, 107 Atl. 673. The court there said:

"As there are two methods of proposal, so there are two methods of ratification. Whether an amendment is proposed by joint resolution or by a national constitutional convention, it must be ratified in one of two ways: First, by the Legislatures of three-fourths of the several states; or, second, by constitutional conventions held in three-fourths thereof, and Congress is given the power to prescribe which mode of ratification shall be followed.

"Hitherto Congress has prescribed only the former method, and all amendments heretofore adopted have been ratified solely by the approving action of the Legislature in three-fourths of the states. That is the mode of ratification prescribed by Congress in case of the amendment now under consideration, and it was in pursuance of that prescribed mode that this ratifying resolve was passed by the Legislature of Maine. Here, again, the state Legislature in ratifying the amendment, as Congress in proposing it, is not, strictly speaking, acting in the discharge of legislative duties and functions as a law-making body, but is acting in behalf of and as representative of the people as a ratifying body, under the power expressly conferred upon it by article 5. The people, through their Constitution, might have clothed the Senate alone, or the House alone, or the Governor's Council, or the Governor, with the power of ratification, or might have reserved that power to themselves to be exercised by popular vote. But they did not. They retained no power of ratification in themselves, but conferred it completely upon the two houses of the Legislature; that is, the legislative assembly."

The requirement of the Fifth Amendment that proposed amendments shall be ratified by the Legislatures of three-fourths of the states or by conventions in three-fourths thereof, as one or the other mode of ratification may be proposed by Congress, would seem to me to preclude ratification by direct vote of the people; and the intention of the framers of the Constitution that amendments should be ratified by the *representatives* of the people, either in Legislature or in Convention, and not by the people themselves seems manifest. Had the resolution in this case provided that the amendment should be ratified by the people of the several states by direct vote, such provision would be clearly in derogation of the Constitution and void, and what Congress could not do it is needless to say the several states cannot do, because full power over the matter is conferred upon the former and denied to the latter. No more in my opinion can the people of a state to-day ratify an amendment to the Constitution of the United States by direct vote than could they elect a United States Senator by direct vote prior to the recent amendment.

The term 'Legislature does not necessarily mean or imply the same thing at all times or in all parts of the Constitution. Thus, when the Legislature of a state is referred to simply as the lawmaking body, the term may well be construed to embrace the entire lawmaking machinery of the state including a vote of the people where authorized by the local Constitution, as in Davis v. Ohio, 241 U. S. 565, 36 Sup. Ct. 708, 60 L. Ed. 1172. But where the Legislature is designated as a mere agency to discharge some duty of a nonlegislative character, such as the election of a United States Senator, or the ratification of a pro-

posed amendment to the Constitution, the legislative body alone in its representative capacity may act, just as a sheriff who is designated to discharge some unofficial duty, such as jury commissioner, must act in person, and may not act by deputy. State v. Payne, 6 Wash. 563, 34 Pac. 317. For these reasons I am of opinion that the Eighteenth Amendment and the statute charged to have been violated were both in full force and effect on the 17th day of January of this year.

[3] The claim that the Eighteenth Amendment itself is unconstitutional and void is based upon two grounds: First, because the amendment is in derogation of the Constitution, and not an amendment at all; and, second, because Congress was without power or authority to submit a conditional amendment, or an amendment limiting the time within which it must be ratified. The length of this opinion and the limited time at my disposal forbid an extended discussion of these objections, if, indeed, such a discussion be called for by this court. After receiving the approval of two-thirds of the membership of both houses of Congress and after ratification by the Legislatures of more than three-fourths of the states, the defects in a constitutional amendment must be plain indeed before a court of inferior jurisdiction will be justified in declaring it null and void. No such case is presented here. Briefly stated the contention of the petitioner is this:

An amendment "implies such an addition or change within the lines of the original instrument as will effect an improvement, or better carry out the purpose for which it was framed." Livermore v. Waite, 102 Cal. 118, 36 Pac. 426, 25 L. R. A. 312.

And from this it is argued that inasmuch as the original Constitution was silent on the question of the manufacture and sale of intoxicating liquors there is nothing to be amended or to amend by and therefore the amendment itself is void. The term "amend," as defined by Webster, means:

"To change or alter, as a law, bill, motion, or constitutional provision, by the will of a legislative body, or by competent authority; as to amend a charter."

That the amendment in question changes the original Constitution does not admit of question, and while it does not change any provision relating to this particular matter it does change the instrument as a whole. The Constitution is a mere grant of power to the federal government by the several states and any amendment which adds to or in any manner changes the powers thus granted comes within the legal and even within the technical definition of that term. The Thirteenth Amendment, abolishing and prohibiting slavery within the states, has been recognized as a part of the Constitution for upwards of half a century. The amendment in question does no more, only the prohibition extends to a different subject-matter. It seems to me therefore that the objections are without substantial merit. Again it is urged that the Constitution does not authorize the submission of conditional amendments. This is no doubt true, but it is equally true that the Constitution does not forbid them. The framers of the Constitution could not foresee the form or character of amendments which might become necessary in the future and wisely left all such questions in the hands

of those who might be charged with official duty when the necessity for the change and the character of the change to be made became apparent.

For these reasons I am of opinion that the amendment in form and substance was entirely within competency of Congress and the several states to propose and ratify and that both the amendment and the National Prohibition Act were in full force and effect on the day in question.

The petition is accordingly denied.