APPENDIX.
On 29 March, 1933, the following resolution was received from the President of the Senate and the Speaker of the House of Representatives of the North Carolina General Assembly:
JOINT RESOLUTION NO. 31
 A JOINT RESOLUTION REQUESTING THE ADVISORY OPINION OF THE CHIEF JUSTICE AND THE ASSOCIATE JUSTICES OF THE SUPREME COURT UPON SENATE BILL 320 AND HOUSE BILL 879 PROVIDING FOR THE CALLING OF A CONVENTION OF THE PEOPLE OF THIS STATE TO PASS UPON THE PROPOSED AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES REPEALING THE EIGHTEENTH AMENDMENT.
WHEREAS, Senate Bill 320, introduced by Senator A. D. MacLean, to provide for the calling of a convention of the people of this State to consider the proposed amendment to the Constitution of the United States, repealing the Eighteenth Amendment as submitted by the seventy-second Congress, is now pending in the Senate upon a favorable report from the Senate Committee on Constitutional Amendments; and,
WHEREAS, the Senate Committee on Constitutional Amendments is of the opinion that a convention of the people of this State for the purpose of passing on the proposed amendment to the Constitution of the United States repealing the Eighteenth Amendment must be called and held, in accordance with the Constitution of this State, and by the method set up in said Senate Bill 320, and that Article XIII, section one, of the Constitution of this State, sets up and provides the sole and exclusive method by which a convention of the people of this State can be called to pass on said amendment to the Constitution of the United States; and,
WHEREAS, House Bill 879, introduced by Representative Walter Murphy, providing for the calling of a convention of the people of this State, for the purpose of considering and passing on said proposed amendment to the Constitution of the United States, repealing the Eighteenth Amendment, is now pending in the House of Representatives, upon a favorable report of the House Committee on Constitutional Amendments; and,
WHEREAS, it is the opinion of the House Committee on Constitutional Amendments, that a convention of the people of this State, for the purpose of passing on said proposed amendment to the Constitution of the United States, need not, and ought not to be called, in the manner and by the methods as set up in Article XIII, section one, of the Constitution of North Carolina, and that the said House Bill 879, providing *Page 807 
for an election of delegates to said convention at a special election, contains the sole and exclusive method of calling a convention of the people of this State to pass on the proposed amendment to the Constitution of the United States; and,
WHEREAS, much doubt and confusion exists as to which, if either of said bills, set up and provides the proper method of calling a convention of the people of this State to pass on said proposed amendment to the Constitution of the United States; and,
WHEREAS, it is the purpose of the General Assembly, that is, of the requisite number of the members of the Senate and the House of Representatives each, to pass one of the said proposed bills, as the one or the other may be found to be constitutional; and,
WHEREAS, it is important and necessary that this doubt be resolved, so that such action as may be taken by the General Assembly upon said two bills may be in accordance with the Constitution:
NOW, THEREFORE, Be it resolved by the Senate, the House of Representatives concurring:
SECTION 1. That copies of the said two bills, Senate Bill 320 and House Bill 879, be sent to the Chief Justice and the Associate Justices of the Supreme Court, together with this resolution, and that the said ChiefJustice and Associate Justices be, and they are hereby, respectfully requested to inspect said bills, and advise the General Assembly, through the presiding officers of the Senate and House of Representatives, whether, in the opinion of the said Chief Justice and Associate Justices, said bills, either or both of them, set up the constitutional procedure by which a convention of the people of this State may be called for the purpose of passing on the said proposed amendment to the Constitution of the United States.
SEC. 2. That the President of the Senate and Speaker of the House of Representatives be, and they are hereby, instructed to send this resolution, with copies of Senate Bill 320 and House Bill 879, to the ChiefJustice and the Associate Justices of the Supreme Court, upon the ratification of this joint resolution.
SEC. 3. This joint resolution shall be in full force and effect from and after its ratification.
In the General Assembly, read three times, and ratified, this 28 March, 1933.
 A. H. GRAHAM, President of the Senate. R. L. HARRIS, Speaker of the House of Representatives.
Compared and found correct. For Committee. *Page 808 
SUBSTANCE OF BILLS.
1. The Senate Bill 320, introduced by Senator MacLean, proposes to submit the question of calling a convention to consider the proposed amendment to the Constitution of the United States as submitted by the Seventy-second Congress, to the qualified voters of the whole State at the next general election in 1934, in accordance with the provisions of section 1, Article XIII of the State Constitution; and provides for the election of delegates at the same time in case a majority of the votes cast be in favor of said convention.
2. The House Bill 879, introduced by Representative Murphy, proposes to call a convention to pass upon the proposed amendment to the Constitution of the United States as submitted by the Seventy-second Congress, without submitting the question of "Convention or No Convention" to a vote of the people; and provides that delegates to said convention shall be elected at a special election to be held on the first Tuesday after the first Monday in November, 1933.
The following response was made by the Chief Justice and AssociateJustices of the Supreme Court on 5 April, 1933:
5 April, 1933.
To the General Assembly of North Carolina,
GENTLEMEN:
In compliance with your request contained in Joint Resolution No. 31, copies of which have been transmitted to each of us by the President of the Senate, and the Speaker of the House of Representatives, as directed by the Resolution, we, the Chief Justice and Associate Justices of the Supreme Court of North Carolina, have inspected, and carefully considered the provisions of Senate Bill No. 320, introduced by Senator A. D. McLean, and of House Bill No. 879, introduced by Representative Murphy.
You request us further to advise you whether in the opinion of saidChief Justice and Associate Justices, the said bills, either or both of them, set up the constitutional procedure by which a convention of the people of this State may be called for the purpose of passing on the proposed amendment of the Constitution of the United States, referred to in said resolution. We herewith comply with this request.
It is the opinion of the Chief Justice and Associate Justices of the Supreme Court of North Carolina, as individuals, that a convention called, organized and held under the provisions of Senate Bill No. 320, introduced by Senator MacLean, and now pending in the Senate, if said bill shall be enacted by the General Assembly of North Carolina would *Page 809 
be valid under the provisions of section 1, Article XIII of the Constitution of North Carolina, and that the action of such convention upon the proposed Amendment to the Constitution of the United States would be valid and effective for all purposes.
There is a difference of opinion, however, among the Chief Justice andAssociate Justices of the Supreme Court of North Carolina, as to the validity of a convention in this State as provided for, organized and held under the provisions of House Bill No. 879, introduced by Representative Murphy, and now pending in the House of Representatives, if said bill shall be enacted by the General Assembly, the majority being of opinion that such convention would not be valid for any purpose, the minority being of a contrary opinion.
It is deemed proper to say that it is the opinion of the Chief Justice
and Associate Justices of the Supreme Court of North Carolina that the question presented by Joint Resolution No. 31, in its final analysis, is a Federal question, and can be answered only by the Supreme Court of the United States, when properly presented to that Court. Whether or not a proposed Amendment to the Constitution of the United States has been submitted by Congress and ratified in accordance with the provisions of Article V of the said Constitution, must necessarily be determined finally by the Supreme Court of the United States.
Notwithstanding this principle, we have deemed it our duty as ChiefJustice and Associate Justices of the Supreme Court of this State to comply with the requests of the General Assembly contained in Joint Resolution No. 31. No. 31.
Respectfully,
 W. P. STACY, Chief Justice.
 W. J. ADAMS, Associate Justice.
 HERIOT CLARKSON, Associate Justice.
 GEO. W. CONNOR, Associate Justice.
 W. J. BROGDEN, Associate Justice.
Thereafter, on 20 April, 1933, the following resolution was received from the President of the Senate and the Speaker of the House of Representatives of the North Carolina General Assembly: *Page 810 
JOINT RESOLUTION NO. 44
 A JOINT RESOLUTION REQUESTING THE ADVISORY OPINION OF THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT UPON HOUSE BILL 879, PROVIDING FOR THE CALLING OF A CONVENTION OF THE PEOPLE OF NORTH CAROLINA, FOR THE PURPOSE OF CONSIDERING THE PROPOSED AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, REPEALING THE EIGHTEENTH AMENDMENT.
WHEREAS, House Bill 879, introduced by Representative Walter Murphy, to provide for the calling of a convention of the people of North Carolina for the purpose of considering the proposed amendment to the Constitution of the United States, repealing the Eighteenth Amendment, as submitted by the Seventy-second Congress, is, now pending in the House of Representatives, upon a favorable report from the House Committee on Constitutional Amendments; and,
WHEREAS, doubt exists as to whether the said bill sets up and provides the proper methods and processes for a vote upon the calling of a convention of the people of this State to pass on said amendment to the Constitution of the United States, and as to whether said bill is in accordance with the Constitution of this State; and,
WHEREAS, it is the purpose of the General Assembly, that is, of the requisite number of the members of the Senate and House of Representatives each, to pass said proposed bill, if advised and assured that it is constitutional and sets up and provides proper and constitutional methods for the calling of such a convention; and,
WHEREAS, it is important and necessary that this doubt be resolved so that such action as may be taken by the General Assembly may be in accordance with the Constitution:
NOW, THEREFORE, Be it resolved by the House of Representatives, the Senate concurring:
SECTION 1. That copies of the said House Bill 879 be sent to the ChiefJustice and the Associate Justices of the Supreme Court, together with this resolution, and that the said Chief Justice and Associate Justices be, and they are hereby, respectively requested to inspect said bill and advise the General Assembly, through the presiding officers of the Senate and House of Representatives, whether, in the opinion of the said Chief Justice andAssociate Justices, the said bill sets up and provides the constitutional procedure by which a convention of the people of this State may be called, for the purpose of passing on the said proposed amendment to the Constitution of the United States.
SEC. 2. That the President of the Senate and Speaker of the House of Representatives be, and they are hereby, instructed to send this *Page 811 
resolution, with a copy of the said House Bill 879, to the Chief Justice
and the Associate Justices of the Supreme Court upon the ratification of this resolution.
SEC. 3. This joint resolution shall be in full force and effect from and after its ratification.
In the General Assembly, read three times, and ratified, this 13 April, 1933.
 A. H. GRAHAM, President of the Senate
R. L. HARRIS, Speaker of the House of Representatives.
Compared and found correct. — For Committee.
SUBSTANCE OF BILL.
The substitution for House Bill No. 879, introduced by Representative Murphy, proposes to submit the question of calling a convention to consider the proposed amendment to the Constitution of the United States as submitted by the Seventy-second Congress, to the qualified voters of the whole State at the next general election to be called and held exclusively for the purpose on Tuesday after the first Monday in November, 1933; and at the same time to elect delegates thereto.
The following responses were made by the Chief Justice and AssociateJustices of the Supreme Court on 26 April, 1933:
To the HONORABLE A. H. GRAHAM, Lieutenant-Governor, ex officio President of the Senate, and the HONORABLE R. L. HARRIS, Speaker of the House of Representatives:
The opinion requested by Joint Resolution No. 44 of the Senate and House of Representatives relates to the constitutionality of substitute for House Bill No. 879, which provides for the submission of the proposition, "Convention or No Convention," to the qualified voters of the whole State at the next general election to be held on Tuesday after the first Monday in November, 1933, said election to be called exclusively for the purpose of passing upon the question of "Convention or No Convention," and to elect delegates thereto in case a majority of the votes cast be in favor of said convention. The sole purpose of the convention, if and when assembled, is to ratify or reject a proposed amendment to the Constitution of the United States as submitted by the Seventy-second Congress.
It seems to me that this substitute bill meets all the requirements of constitutionality. When the General Assembly has duly adopted an act, *Page 812 
every presumption is indulged in favor of its validity. Adkins v.Children's Hospital, 261 U.S. 524.
A convention called pursuant to section 1, Article XIII of the State Constitution, as this bill proposes, would undoubtedly be authorized to act upon the proposed amendment to the Constitution of the United States as submitted by the Seventy-second Congress, for such is its declared purpose.Koehler v. Hill, 60 Iowa 542. Indeed, its only purpose. And while the Constitution apparently contains no specific authority for limiting the powers of a convention called under this section, nevertheless the people themselves in voting upon the proposition, "Convention or No Convention," may perforce, in terms of its submission, limit the authority of the convention, for, in this way, upon such condition of limitation alone will the call of the convention be approved by a majority of the qualified voters of the State. Green v. Shumway, 39 N.Y. 418. Of course, it would be subject to any restrictions contained in the Constitution of the United States. S. v. Keith, 63 N.C. 140; Chisholm v. Georgia, 1 U.S. 440.
In considering, ratifying or rejecting, the proposed amendment to the Constitution of the United States, as submitted by the Seventy-second Congress, the said convention would, quoad hoc, be acting as a Federal agency with its authority as such agency grounded in the Constitution and laws of the United States. Leser v. Garnett, 258 U.S. 130; Rhode Islandv. Palmer, 253 U.S. 350; Hawke v. Smith, 253 U.S. 221. This is so, because its action in this respect would affect all the people of the United States and not simply those of a single State. It would then be engaged in ratifying or rejecting a proposed amendment to the Constitution of the United States. Ex parte Dillon, 262 Fed., 563.
But going farther, I am of the opinion, that in calling a convention for this Federal function alone, section 1, Article XIII of the State Constitution may be put aside as inapplicable, and, therefore, not controlling on the General Assembly. This section has reference to conventions called primarily to consider amendments to the State Constitution or changes in the State's governmental structure. The history of the section, as I understand it, readily lends itself to this interpretation.
It is true, the language of said section, "No convention of the people of this State shall ever be called by the General Assembly, unless by the concurrence of two-thirds of all the members of each house of the General Assembly, and except the proposition, convention or no convention, be first submitted to the qualified voters of the whole State, at the next general election in a manner to be prescribed by law," literally construed, is broad enough to cover a convention called for the purpose of considering a proposed amendment to the Constitution of the United *Page 813 
States. So, too, is the language of section 2, Article XIII ("No part of the Constitution of this State shall be altered, unless a bill to alter the same shall have been agreed to by three-fifths of each house of the General Assembly; and the amendment or amendments so agreed to shall be submitted at the next general election to the qualified voters of the whole State, in such a manner as may be prescribed by law") broad enough to prohibit a convention called under section 1 from altering or amending the Constitution of the State, even though such convention be called for this specific purpose. Yet no one, I take it, would contend for such an interpretation. Language is but a vehicle of thought and may vary in color and content according to the circumstances of its use. Cole v. Fibre Co.,200 N.C. 484.
The title or heading of Article XIII is "Amendments," which, of course, has reference to the manner in which the State Constitution may be amended. But the proposed convention, if and when assembled, is to have no authority to consider amendments to the State Constitution. Then, why the necessity of calling it as if such were its purpose? The meaning of a constitution is to be found, not in a slavish adherence to the letter, which sometimes killeth, but in the discovery of its spirit, which giveth life.
It is also true that the customary manner of calling constitutional conventions in the United States is by resolution of the Legislature followed by a submission of the question to the electorate. Miller v.Johnson, 92 Ky. 589; S. v. Dahl, 6 N.D. 81, But as the Constitution of the United States is silent on the subject, it would seem that the resolution calling a convention in the State solely for the purpose of ratifying or rejecting a proposed amendment to the Constitution of the United States need not be submitted to the electorate for approval. "It is the accepted position in this State that our Constitution in vesting the General Assembly with legislative authority, conferred and intended to confer upon that body all the `legislative powers of the English Parliament or other government of a free people,' except where restrained by express constitutional provision or necessary implication therefrom" — Hoke,J., in S. v. Burnett, 179 N.C. 735. See, also, Yarborough v. ParkCommission, 196 N.C. 284. However, as the present bill proposes to submit the proposition, "Convention or No Convention," to the qualified voters of the whole State at a general election to be held for the purpose, the question of a direct call by the General Assembly is no longer presented. The suggestion has even been made that, for this Federal function alone, Congress itself might prescribe the manner and method of calling the conventions in the several States as a necessary incident to its right to select the mode of ratification. But in submitting the *Page 814 
proposed Twenty-first Amendment Congress has left the question of the call of the conventions to the states.
We have, then, two widely separated schools of thought on the subject. One which holds that the provisions of the State Constitution are controlling on the General Assembly in calling a convention for any purpose. The other which takes the view that for the Federal function alone the Congress may provide for the call. Fortunately, the problem presently presented may be solved without going with the extremes of either school.
The suggestion that a convention be called comes from the Congress of the United States acting under authority of Article V of the Federal Constitution. This is its right. The purpose of the convention is to consider and to act upon a proposed amendment to the Constitution of the United States. The authority to ratify or to reject the proposal has its sources in the Federal law. "The act of ratification by the State derives its authority from the Federal Constitution to which the State and its people have alike assented," says Mr. Justice Day in Hawke v. Smith, supra. All efforts heretofore made by some of the states, to circumscribe or to limit the exercise of this authority, by provisions inserted in their own constitutions, have been held for naught. Leser v. Garnett, supra.
It is my opinion that the General Assembly of North Carolina in calling a convention for the sole purpose of considering a proposed amendment to the Constitution of the United States, may exercise its own judgment and provide for the submission of the question under the provisions of section 1, Article XIII of the State Constitution, or it may call such convention in the exercise of its plenary powers without regard to the provisions of said section. It follows, therefore, from this view of the matter, that it can make no difference, so far as the constitutionality of the present bill is concerned, whether the election be designated a general or a special one.
I have no doubt as to the constitutionality of the bill submitted.
Respectfully,
 W. P. STACY, Chief Justice.
To the HONORABLE A. H. GRAHAM, Lieutenant-Governor, ex officio, President of the Senate, and the HONORABLE R. L. HARRIS, Speaker of the House of Representatives:
Responding to the request embodied in Joint Resolution No. 44 of the Senate and House of Representatives relative to the constitutionality of substitute for House Bill No. 879, I express the opinion that the *Page 815 
substitute bill meets the requirements of the Constitution of North Carolina and when duly enacted by the General Assembly will be valid and effective in law.
Respectfully,
 W. J. ADAMS, Associate Justice of Supreme Court.
To the HONORABLE A. H. GRAHAM, Lieutenant-Governor, ex officio President of the Senate, and the HONORABLE R. L. HARRIS, Speaker of the House of Representatives:
GENTLEMEN:
Responding to another resolution (Joint Resolution No. 44) requesting the opinion of the several Justices of the Supreme Court on the constitutionality of House Bill No. 879, in my opinion it is practically the same as answered before, except calling a special election "for the sole and exclusive purpose," a general election. The Constitution of North Carolina, Article XIII, section 1, requiring "convention or no convention be first submitted to the qualified voters of the whole State at the next general election in a manner to be prescribed by law," clearly means the manner of conducting the election to be prescribed by the General Assembly, the law-making body, but same must be held at the next general election which is well understood to be the general election in November, 1934.
In the former opinion, which was signed by all the Justices, it was held that this matter "in its final analysis is a Federal question and can be answered only by the Supreme Court of the United States when properly presented to that Court." I quote the former opinion:
"It is the opinion of the Chief Justice and Associate Justices, of the Supreme Court of North Carolina, as individuals, that a convention called, organized and held under the provisions of Senate Bill No. 320, introduced by Senator MacLean, and now pending in the Senate, if said bill shall be enacted by the General Assembly of North Carolina would be valid under the provisions of section 1, Article XIII, of the Constitution of North Carolina, and that the action of such convention upon the proposed Amendment to the Constitution of the United States would be valid and effective for all purposes.
There is a difference of opinion, however, among the Chief Justice andAssociate Justices of the Supreme Court of North Carolina, as to the validity of a convention in this State as provided for, organized and held under the provisions of House Bill No. 879, introduced by Representative Murphy, and now pending in the House of Representatives, if said bill shall be enacted by the General Assembly, the majority being *Page 816 
of opinion that such convention would not be valid for any purpose, the minority being of a contrary opinion.
It is deemed proper to say that it is the opinion of the Chief Justice
and Associate Justices of the Supreme Court of North Carolina that the question presented by Joint Resolution No. 31, in its final analysis, is a Federal question, and can be answered only by the Supreme Court of the United States, when properly presented to that Court. Whether or not a proposed Amendment to the Constitution of the United States has been submitted by Congress and ratified in accordance with the provisions of Article V of the said Constitution, must necessarily be determined finally by the Supreme Court of the United States.
Notwithstanding this principle, we have deemed it our duty as ChiefJustice and Associate Justices of the Supreme Court of this State to comply with the requests of the General Assembly contained in Joint Resolution No. 31."
Respectfully,
 HERIOT CLARKSON, Associate Justice.
To the HONORABLE A. H. GRAHAM, Lieutenant-Governor, ex officio President of the Senate, and the HONORABLE R. L. HARRIS, Speaker of the House of Representatives:
GENTLEMEN:
Complying with the request of the General Assembly contained in its Joint Resolution No. 44, a copy of which has been delivered to me as anAssociate Justice of the Supreme Court of North Carolina, I have given careful consideration to the provisions of the substitute for House Bill No. 879, entitled "An act to provided for the calling of a convention of the people of North Carolina for the purpose of considering the proposed amendment to the Constitution of the United States repealing the Eighteenth Amendment."
I am of the opinion that a convention of the people of this State called, constituted and organized in accordance with the provisions of the substitute for House Bill No. 879, now pending in the House of Representatives, if the said bill shall be duly enacted by the General Assembly, will be valid for the purpose of considering, ratifying or rejecting the proposed Amendment on behalf of the people of this State.
I do not discuss interesting questions of constitutional law suggested by a consideration of the bill, about which there is much conflict of opinion, for the reason that these questions are not now presented.
In my opinion, the substitute for House Bill No. 879 is in strict compliance with the provisions of section 1, of Article XIII of the *Page 817 
Constitution of North Carolina, and for that reason a Convention of the people of this State held under its provisions will be valid for the purpose expressed in the bill.
Respectfully,
 GEO. W. CONNOR, Associate Justice.
Raleigh, N.C. 26 April, 1933.
To the HONORABLE A. H. GRAHAM, Lieutenant-Governor, ex officio President of the Senate, and the HONORABLE R. L. HARRIS, Speaker of the House of Representatives:
Responding to the resolution requesting the opinion of the severalJustices of the Supreme Court, you are advised that I hold the view that Article XIII, section 1, of the Constitution of North Carolina, is a piece of political machinery, designed and fashioned for the sole purpose of amending or changing the structure of the organic law of this State, and hence is not set in motion in amending the Federal Constitution.
Nevertheless, assuming that Article XIII, section 1, is applicable, does the proposed House Bill No. 879 contravene either the letter or spirit thereof? Article XIII, section 1, is built upon three pillars, to wit: (1) proper resolution of both houses of the General Assembly; (2) submission of the question to the qualified voters of the State, and (3) at the next general election.
House Bill No. 879 contemplates a proper resolution and a popular vote. Therefore, the only question that could possibly arise would relate to the calling of a general election in November, 1933. The Constitution does not define a general election either in terms or by implication. Hence this field has been left exclusively to legislative judgment and discretion. The term "general election" implies and imports upon its face an election throughout the entire State, called and conducted in accordance with legislative fiat. Time is not of the essence of the power. Consequently, the lawmakers can select any day on the calendar so far as constitutional inhibition or regulation is concerned. The same idea was expressed by the Oregon Court in Norton v. Coos County, 233 P. 864, in these words: "The principle is that if an election occurs throughout the State uniformly by direct operation of law, it is a general election."
These considerations lead my mind to the definite conclusion that House Bill No. 879, when duly enacted, will be valid and free from maintainable constitutional objection.
Respectfully,
 W. J. BROGDEN, Associate Justice.
 *Page 1