On 15 September, 1934, the following letter was received from His Excellency, J. C. B. Ehringhaus, Governor of the State of North Carolina:
SEPTEMBER 15, 1934. HON.W.P. STACY, HON. HERIOT CLARKSON, HON. GEORGE W. CONNOR, HON.W.J. BROGDEN, HON. MICHAEL SCHENCK,
GENTLEMEN: — I am directing this letter to each of you individually in order to present what I conceive to be a most important question.
The present State Constitution provides, Article XIII, section 2, that any amendment to the Constitution must be submitted "at the next general election to the qualified voters of the whole State, in such manner as may be prescribed by law." Chapter 403 of the Public Laws of 1933 called a general election to be held in the state on Tuesday after the first Monday in November, 1933 to vote on the repeal of the Eighteenth Amendment to the United States Constitution. The question has arisen as to whether the general election to be held in November of this year is the "next" general election after the enactment of the bill by the General Assembly submitting the Revised Constitution to a popular vote.
Since the holding of this election involves a suggested change in the fundamental law of the State, I am impressed with the idea that the matter is too great consequence to be controlled by any interpretation of the Executive branch of the Government. Such action might bring into question the validity of an election throughout the State of North Carolina and the adoption of important Constitutional revisions.
So impressed, I am writing this letter to you as the Chief Justice and Associate Justices of the Supreme Court, with the request that, if it be in keeping with the proprieties and the functions of the court, you give me the benefit of an advisory opinion upon this important matter at the earliest possible moment, so that, as Chief Executive of the State of North Carolina, I may be able to advise and direct the Chairman of the Board of Elections and other election officials in accordance with sound law.
 Respectfully, J. C. B. EHRINGHAUS Governor of North Carolina. *Page 880 
OPINIONS OF THE JUSTICES
RALEIGH, N.C. 19 September, 1934.
To His Excellency, J. C. B. EHRINGHAUS,
Governor of North Carolina:
Your communication of the 15th instant presents the following question: Was the election held on Tuesday after the first Monday in November, 1933, pursuant to chapter 403, Public Laws 1933, "the next general election" following the adjournment of the 1933 session of the General Assembly within the meaning of section 2, Article XIII, of the Constitution?
The undersigned, each for himself, answers the question propounded in the affirmative. The General Assembly, after much debate, called the election under section 1, Article XIII, of the Constitution. See Opinionsof the Justices, 204 N.C. 806, et seq.
Respectfully,
 W. P. STACY, Chief Justice;
GEO. W. CONNOR, Associate Justice;
W. J. BROGDEN, Associate Justice;
MICHAEL SCHENCK, Associate Justice.
In my opinion to the General Assembly (204 N.C. 815), I took the position that calling a "special election" a "general election" did not make it so.
The majority decided otherwise, and the people of this State, under that decision, voted, on 7 November, 1933, on the question of convention or no convention in regard to the repeal of the 18th Amendment. Without the use of the absentee ballot, 415,536 voted, and a majority of 184,572 registered their votes for dry delegates against the repeal of the 18th Amendment. The majority opinion of this Court I consider a mandate binding on me. In deference to the majority view heretofore expressed, I concur in the majority answer above set forth.
HERIOT CLARKSON,
Associate Justice. *Page 881 
ASSOCIATE JUSTICE W. J. ADAMS DIED ON SUNDAY, 20 MAY, 1934. REMARKS OF CHIEF JUSTICE STACY, ON BEHALF OF THE SUPREME COURT, FROM THE BENCH, WEDNESDAY MORNING. 23 MAY, 1934, CONCERNING THE DEATH OF ASSOCIATE JUSTICE ADAMS;
Before proceeding with the usual work of the Court, We pause to express the keen sense of personal sorrow, experienced by each one of us, and the profound appreciation which we have of the great loss that has come to the State and its people in the death of Associate Justice William J. Adams. The vacant chair is a reminder that in the midst of life we are in death.
Justice Adams was an able lawyer and a splendid judge — a student of the first order. His passion was `to live honestly, to harm nobody, to render to every man his due.' The State is richer for his having lived and labored in it. It is poorer that he is gone. Material success may come to one by accident or by chance, or forsooth as a result of unrelenting toil, but moral achievements are never easy, and they never come fortuitously. For the legal profession which he severed so long and well, his opinions will stand as his monument. He wrought effectively in his day and has earned a lasting place.
REMARKS OF CHIEF JUSTICE STACY FROM THE BENCH, TUESDAY, 5 FEBRUARY, 1935, REGARDING THE DEATH OF FORMER ATTORNEY-GENERAL DENNIS G. BRUMMITT.
Gentleman of the Bar: Before taking up the usual work of the Court, we pause to express the profound sorrow which has come to the members of this Court, in common with all the people of North Carolina, in the death of Hon. Dennis G. Brummitt, formerly Attorney-General. For ten years, longer period of continuous service in the position than that of any of his predecessor in office, he severed the State patriotically and unselfishly as a distinguished citizen. An able lawyer, a skilled craftsman in his profession, his breadth of mind and his bigness of heart carried him far beyond the confines of the discharge of his professional duties in office. With him belief in democracy was a passion, and he held consistently to the Jeffersonian principle that "no government can continue good, but under the control of the people," and that "the will of the people is the only legitimate foundation of government." He regarded the preservation of the fundamental principles of the Bill of Rights as of first concern. He was a man of deep human sympathies who earnestly sought to make real his dream of a better day for the common man. In his death this Court has suffered the loss of a very efficient officer, and the State a courageous patriot. His record will stand as his monument.
In recognition of his notable service, the Court, when it adjourns today, will take its adjournment out of respect to his memory.
 *Page 1